Josefa CONSTANZA; Maira
Constanza, Petitioners,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 99–70624.

INS Nos. A74–434–796, A74–352–457.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2001.*

Decided Dec. 27, 2001.

Before SCHROEDER, Chief Judge,
TROTT and PAEZ, Circuit Judges.

MEMORANDUM **

Josefa Constanza and Maira Constanza, natives and citizens of El Salvador, petition for review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal of an immigration judge's ("IJ") denial of their application for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h).[1] Because the transitional rules apply, we have jurisdiction pursuant to 8 U.S.C. § 1105a(a). *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir. 1997). We review for substantial evidence, *Ochave v. INS*, 254 F.3d 859, 861–862 (9th Cir.2001), and we deny the petition.

Petitioners' contention that the assault suffered by petitioners in 1983 constituted past persecution on account of imputed political opinion lacks merit. The evidence presented does not compel the conclusion that petitioners suffered past persecution or had a well-founded fear of future persecution on account of political opinion, actual or imputed. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Accordingly, substantial evidence supports the BIA's conclusion that petitioners were not eligible for asylum. *See id.*

Because petitioners did not meet the more stringent standard for asylum, they could not satisfy the standard for withholding of deportation. *See Berroteran–Melendez v. INS*, 955 F.2d 1251, 1258 (9th Cir.1992).[1]

**PETITION DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a); 9th Cir. R. 34–4.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Josefa Constanza does not seek review of the denial of her claim for suspension of deportation.

1. We do not consider petitioners' eligibility, if any, for relief under the Nicaraguan Adjustment and Central American Relief Act, Pub.L. No. 105–100, 111 Stat. 2160 (Nov. 19, 1997).

